UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JACK BELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) 1:03-cv-0241-JDT-TAB |
| | ) |
| DAIMLER CHRYSLER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## DISCOVERY ORDER

The statute of limitations looms large in this case. A discovery dispute involving this issue boiled over on September 26, 2005, prompting the Court to hold an expedited telephonic status conference to address Defendant's oral motion to compel information related to the statute of limitations. The parties appeared at this conference by counsel. Argument was held. For the reasons set forth below, Defendant's motion to compel is denied.

Plaintiffs contend in this action that Defendant Daimler Chrysler breached the collective bargaining agreement in effect between 1984 and 1987. Defendant asserts that the Plaintiffs' claims are time barred because they knew about the claims raised in this litigation in the 1980s. Plaintiff Lorita Miller testified during her May 3, 2005 deposition that she and other Plaintiffs met with Greenfield, Indiana attorney James L. Brand. Miller further testified in substance that Brand told the Plaintiffs that the statute of limitations had run and he refunded their money. On May 13, 1988, attorney Randall V. Sorrell of the Greenfield law firm Brand & Allen sent a letter to Miller and other employees laid off by the Defendant. Defendant now seeks to compel the Plaintiffs to produce this letter and to permit Sorrell's deposition regarding this letter and related matters.

Plaintiffs resist producing the May 13, 1988 letter and permitting Sorrell's deposition on the basis of the attorney-client privilege. Defendant contends that the Plaintiffs waived this privilege by not raising this objection at Miller's deposition. A copy of the portion of Miller's deposition that the Defendant relies upon to support its claim of waiver is attached. The Court has reviewed Miller's deposition excerpts as well as the May 13, 1988 Sorrell letter, which the Plaintiff's submitted for in camera inspection.

The Court finds that Miller's limited, general responses to the questions in the attached excerpts do not waive the attorney-client privilege. As these excerpts reveal, Miller answered a few questions about whether she met with attorney Brand and filed a lawsuit.[1] Miller did testify as to the subject matter of the lawsuit, but that is no mystery. Perhaps more important, Miller was not directly asked about the subject matter of her conversations with counsel (as opposed to the subject matter of the lawsuit). The most significant testimony on the waiver issue is Miller's testimony that Brand gave the Plaintiffs their money back because he said, she believes, "the statute of limitations had run out, or something like that." [Miller Dep. p. 45]. This testimony goes far in establishing that Brand is an honest lawyer, but falls short of waiving the attorney-client privilege.

As for the May 13, 1988 Sorrell letter, the Court's in camera review of this letter reveals it is replete with privileged attorney-client information. Given the Court's finding that the Plaintiffs have not waived the attorney-client privilege, this letter is protected from disclosure.

Even without the May 13, 1988 letter and Sorrell's deposition, the Defendant has an arsenal of arguments to set forth on the looming statute of limitations issue. For example,

---

[1] Although Miller initially testified that she and others did file a lawsuit at that time, she corrected her testimony by way of an errata sheet to reflect that they had merely talked about filing a lawsuit.

Smith's deposition permits the Defendant to argue that Smith and other former employees of the Defendant met with attorneys as early as May 1988 regarding the issues raised in the instant lawsuit and that the issue of the statute of limitations was mentioned. Further fleshing out of the details of these conversations at the discovery stage seems unnecessary, particularly when balanced against the risk of trampling on the attorney-client privilege.

This is not to say that Defendant is not entitled to non-privileged discovery involving this general subject matter. For example, during the September 26 status conference Defendant stated that it wanted a list of which of the Plaintiffs met with these attorneys as outlined in Smith's deposition testimony. This information does not invade the province of the attorney-client privilege, and Defendant is entitled to this information. However, the Court will leave it to counsel to determine the most efficient manner in which to promptly produce this information to the Defendant. The Court can also envision a limited number of deposition questions that could be asked of attorney Sorrell that would not invade the attorney-client privilege (i.e., did you meet with any of the Plaintiffs?; which ones?; when?; where did you meet?; how many times?; how long did these meetings last?). However, such a deposition would be seemingly so truncated as to be hardly worth the undertaking.

Accordingly, for the reasons set forth, the Defendant's motion to compel the Plaintiffs to produce the May 13, 1988 letter and to permit Sorrell's deposition regarding this letter and related matters is denied.

SO ORDERED this 29th day of September, 2005.

          *s/Tim A. Baker*
          Tim A. Baker
          United States Magistrate Judge
          Southern District of Indiana

Copies to:

Julie M. Conrad
ICE MILLER
conrad@icemiller.com

Mark W. Ford
ICE MILLER
mark.ford@icemiller.com

Sarah Jane Graziano
KLEZMER & ASSOCIATES
sgraziano@randyklezmer.com

John B. LaRue
racinglaw@aol.com

Eric C. Scroggins
ICE MILLER
scroggins@icemiller.com

Monica S. Senk
THEISEN BOWERS & ASSOCIATES
msenk@tbalawyers.com

Richard A. Smikle
ICE MILLER
richard.smikle@icemiller.com

John C. Theisen
THEISEN BOWERS & ASSOCIATES
jtheisen@tbalawyers.com